UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| W. OHIO ST. CONDO ASSOCIATION; dba DIAMOND G. CONVENIENCE STORE, | § § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-192 |
| | § | |
| ALLSTATE INSURANCE COMPANY, *et al*, | § § § | |
| Defendants. | § § | |

## ORDER REMANDING CASE

This is an insurance coverage dispute arising from wind and hail storm damage to Plaintiff W. Ohio St. Condo Association d/b/a Diamond G. Convenience Store's (Plaintiff) commercial property. Allstate Insurance Company (Allstate) timely removed the case from state court on the basis of diversity jurisdiction, with its allegation that the non-diverse claims adjuster, Defendant Kevin Pakenham (Pakenham), was improperly joined. Before the Court is Plaintiff's Motion to Remand (D.E. 6). For the reasons set out below, the Court GRANTS the Motion.

Diversity jurisdiction requires the citizenship of all plaintiffs to be diverse from the citizenship of all defendants and the amount in controversy to exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. It is undisputed that the parties, with the exception of Pakenham, are diverse and that the amount in controversy exceeds the sum of $75,000. D.E. 1, 6. Therefore, the only issue for the

Court is whether Defendant Pakenham was improperly joined such that his non-diverse citizenship may be disregarded.

### A. The Standard of Review

On a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id*. The strict construction rule arises because of "significant federalism concerns." *See generally, Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).

"The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc). The removing party proves improper joinder by demonstrating: (1) actual fraud in the pleading of jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court. *See Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (citing *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). Only the second method is at issue here.

The motion to remand must be granted unless "there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). Among other things, Plaintiff alleges that Defendant Pakenham knowingly misrepresented policy provisions related to coverage, refused to conduct a reasonable

investigation, intentionally excluded portions of covered damage, intentionally conducted an outcome-oriented investigation for the purpose of allowing Allstate to underpay the claim, and failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim.  D.E. 6-1.

Plaintiff's causes of action against Defendant Pakenham are stated as noncompliance with the Texas Insurance Code's unfair settlement prohibitions.  D.E. 6-1. *See e.g.*, Tex. Ins. Code ch. 541; *Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998).  Claims similar to those of Plaintiff have been held sufficient to defeat improper joinder claims in similar cases in all of the federal districts of Texas.  *See e.g., Tenner v. Prudential Ins. Co. of Am.*, 872 F. Supp. 1571, 1574 (E.D. Tex. 1994); *Blanchard v. State Farm Lloyds*, 206 F. Supp. 2d 840, 846–48 (S.D. Tex. 2001); *Russell v. State Farm Lloyds*, 2001 WL 1326501 (N.D. Tex. 2001) (mem.); *Bruner v. State Farm Lloyds*, 1999 WL 33290662 (W.D. Tex. 1999).

   B. **Adjusters Are Subject to Causes of Action for Texas Insurance Code Violations and Plaintiff's Liability Allegations Are Factually Sufficient.**

Allstate concedes that Defendant Pakenham, as an insurance adjuster, is subject to the requirements of the Texas Insurance Code.  D.E. 7, p. 3.  Instead of challenging that statutory liability, Allstate argues that there is no possibility of recovery against Defendant Pakenham because the liability pleadings are factually insufficient.  D.E. 7, p. 3.  In that argument, Allstate assumes that federal pleading rules, and specifically *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) govern the Court's evaluation of Plaintiff's pleading.

To the contrary, federal courts often apply Texas "fair notice" pleading rules in removal decisions. *Saenz v. IDS Prop. Cas. Ins. Co.*, No. 2:14-CV-338, 2014 WL 5325053, *1 (S.D. Tex. Oct. 17, 2014) (citing *Stevenson v. Allstate Texas Lloyd's*, No. 11–cv–3308, 2012 WL 360089, *3 (S.D. Tex. Feb. 1, 2012) and *Edwea, Inc. v. Allstate Ins. Co.*, No. H–10–2970, 2010 WL 5099607, 2010 U.S. Dist. LEXIS 129582 (S.D. Tex. Dec. 8, 2010). Furthermore, despite newly adopted Texas Rule of Civil Procedure 91a.1 which provides for dismissal "on the grounds that [the cause of action] has no basis in law or fact," the Texas concept of "fair notice" has not morphed into the Federal Rule of Civil Procedure 12(b)(6) standard re-defined in *Twombly* and *Iqbal*.

More specifically, when sitting in diversity jurisdiction, this Court follows Texas courts' interpretation of Texas rules under *Erie* principles.

> When evaluating issues of state law, federal courts look to the final decisions of that state's highest court. In the absence of such a decision, federal courts must make an *Erie* guess and determine, in their best judgment, how the supreme court of that state would resolve the issue if presented with the same case. In making an *Erie* guess, federal courts defer to intermediate state appellate court decisions, unless convinced by other persuasive data that the highest court of the state would decide otherwise.

*Temple v. McCall*, 720 F.3d 301, 307 (5th Cir. 2013) (internal quotation and editing marks omitted; citations omitted). According to an intermediate Texas appellate court, the application of the "fair notice" standard has not changed.

In the context of Texas Rule of Civil Procedure 91a, and after considering Federal Rule of Civil Procedure 12(b)(6) practice, the Texas Fourteenth Court of Appeals observed:

> We conclude that both determinations of whether a cause of action has any basis in law and in fact are legal questions that we review de novo, based on the allegations of the live petition and any attachments thereto. In conducting our review, similar to the analogous [federal] situations discussed above, we must construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact. ***In doing so, we apply the fair notice pleading standard applicable in Texas to determine whether the allegations of the petition are sufficient to allege a cause of action***.

*Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. filed) (emphasis added). Allstate has failed to offer any data to show that the Supreme Court of Texas would determine this issue differently.

Under the Texas "fair notice" standard for pleading, the question is whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what evidence will be relevant so as to prepare a defense. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000). The "fair notice" requirement of Texas pleading relieves the pleader of the burden of pleading evidentiary matters with meticulous particularity. *E.g, Bowen v. Robinson*, 227 S.W.3d 86, 91 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).

After reviewing the Plaintiff's Original Petition (D.E. 6-1), the Court is of the opinion that the pleading specifies sufficient factual detail for the claim and adequately informs Allstate and Defendant Pakenham of the issues such that discovery can be conducted and evidence can be developed in a proper defense. The Court rejects Allstate's characterization of the pleading as mere "boilerplate." The pleading thus

satisfies Texas requirements.[1]  And while Allstate isolates the "timeliness of the decision to pay" portion of the pleadings as being factually self-defeating, that argument applies only to that particular claim.

If the pleading reveals a reasonable basis of recovery on any cause of action, the court must remand the entire suit to state court.  *E.g., Gray ex rel. Rudd v. Beverly Enterprises—Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004).  The Court finds that Plaintiff has adequately alleged viable causes of action against Defendant Pakenham and that Allstate has not met its substantial burden in proving improper joinder based on the liability allegations.

### C. Plaintiff's Damages Allegations Are Factually Sufficient.

Allstate also argues that Plaintiff has failed to allege appropriate damages associated with causes of action against Defendant Pakenham, independent of the contractual claims related to Allstate's policy.  D.E. 7, p. 7.  *See generally, Great American Ins. Co. v. AFS/IBEX Financial Serv.*, 612 F. 3d 800, 808 n.1 (5th Cir. 2010) (citing *Parkans Int'l LLC v. Zurich Ins. Co.*, 299 F.3d 514, 519 (5th Cir. 2002)); *Tracy v. Chubb Lloyds Ins. Co. of Tex.*, 2012 WL 2477706, *5 (N.D. Tex. June 28, 2012).

Mental anguish is one form of damages that will support extra-contractual claims.  *Charla Aldous, P.C. v. Lugo*, 2014 WL 5879216, *6 (N.D. Tex. Nov. 12, 2014).  Included in Plaintiff's allegations is that "the damages caused by the covered losses have

---

[1] The Court finds that Allstate's reliance on *Lozano v. Scottsdale Insurance Company*, 2011 WL 3104128 (S.D. Tex. July 7, 2011) is misplaced.  That court's recitation of the nature of the allegations at issue indicates that the pleading was less detailed than the one before this Court and involved fewer complaints regarding the adjuster's conduct.

not been properly addressed or repaired in the months since the loss occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiff." D.E. 1-6, p. 12.  In evaluating fraudulent joinder claims, the Court must construe all matters, including the pleadings, in favor of the non-removing party.  *E.g., Hart v. Bayer Corp.*, 199 F.3d 239, 246-48 (5th Cir. 2000); *Madison v. Vintage Petroleum, Inc.*, 114 F.3d 514, 516 (5th Cir. 1997).  Construing the pleading in Plaintiff's favor, it cannot be said that Plaintiff has failed to allege the potential recovery of extra-contractual damages.

## CONCLUSION

For these reasons, the improper joinder challenge is rejected, the Motion to Remand (D.E. 6) is GRANTED, and the Court ORDERS this action be remanded to the 79th Judicial District Court of Jim Wells County, Texas, the court from which it was removed.  Plaintiff's request for attorney's fees and costs is DENIED.

ORDERED this 16th day of June, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE